case this morning. This is 4-14-0696, People of the State of Illinois v. Jackie Harris. Attorney James Martinkus is here on behalf of the appellant and for the appellee is Attorney Allison Page Brooks. Mr. Martinkus, are you ready to proceed? Okay, let me do so. Thank you. May it please the court. Good morning, your honors. Counsel, good morning. I represent Jackie Harris. He's the defendant appellant in this case. The first issue before you is whether there was sufficient evidence before the trial court to convict Jackie Harris of driving while under the influence of alcohol. I've submitted in my brief an analysis that basically states, if you look at the evidence before the court, the only evidence amounted to a stipulation, nothing more. No witnesses were called. The question then becomes, based upon the stipulation, was there sufficient evidence to convict Jackie Harris? I know the argument is very technical, I admit that, but I do think that the words in this case do have specific meaning and I think it's incumbent upon this court to look at what was presented. If you look at the evidence presented, all of the stipulation consists of conditional sentences. The stipulation basically says, if such a witness were called, then that witness would testify in a certain manner. If you look at that particular conditional sentence, you talk about the conditional or dependent phrase and then you have the main clause or the consequence. The consequence doesn't come before the court unless the condition is met. Unless a witness were to come and testify, you don't have before the court the main clause. What counsel for the state in this case did was to use the typical protocol for a guilty plea. The court asks, well, is there a factual basis? The state would typically say, yes, judge. If someone were called as a witness, they would testify in such a fashion. That's perfectly appropriate for a guilty plea because the basis of the guilty plea is the defendant's acknowledgement of guilt. The court doesn't need any additional testimony. When a defendant comes before a court and pleads guilty, the actual plea itself is a sufficient basis. So that protocol is very appropriate if, in fact, you're talking about a guilty plea. And that's not what took place here. Now, there's no question in my mind that Judge Klaus was completely confused with respect to what was before him. After he reads the stipulation, he admonishes my client that before he can accept this guilty plea, he viewed it as a guilty plea, he has to give him certain admonishments of rights and so forth. There was no guilty plea in this case. The stipulation never contained any agreement that the evidence presented in the stipulation was sufficient to convict. I maintained a defense throughout the entire time. I used the exact argument I set forth in the brief in which I advanced today, that the conditional sentences set forth by the state are not evidence before the trial court upon which a conviction can be made. So there's no question that the attempt here to show this court, to convince us that this was a guilty plea, was mistaken. I remember this court in the Daly case, Judge Klaus did a very similar thing. You may recall the Daly case where this was a young lady who had pled guilty to reckless homicide, and Judge Klaus sentenced her and discussed with her a factual condition which he believed supported a driving under the influence charge. We have a very analogous situation here. Judge Klaus really ignored the stipulation, did not look at what was in the context of the stipulation, and just assumed that this was a guilty plea. My argument does have support, and frankly, until the state quoted a case in its brief, I didn't find this case. But you do have a case in the United States v. Bates. It's a Seventh Circuit case, and that case had a very similar proposition. Whether or not a stipulation was the district court elected to read to the jury as, quote, stipulated facts, was a true stipulated facts situation. And the Bates court says it was not. I quote this in the brief, but the Bates court says, thus the court permitted the jury to have the stipulation on the misconceived premises that it contained a recitation of undisputed facts, when it clearly shows that it was only a recitation of statements to which each person would testify to if called as a witness. Well, that's exactly what we have here. The only thing before Judge Klaus was a recitation that if certain people were called, they anticipated that this is the testimony they would give. That is not sufficient evidence before a trial court to convict. So the first issue then would be whether or not Judge Klaus had a sufficient basis to convict. I submit to you that he clearly did not. There was no fact, there were Let me ask you, if the parties intended to proceed in this manner, what would have been necessary for this to be sufficient? Very simple. We would have stipulated that on whatever date it was, I don't remember, June 23rd. The officer was in a marked patrol car and he stopped the defendant. The officer saw the defendant weaving in traffic. The officer smelled alcohol. The actual facts, that's what the stipulation was. So you're saying because the stipulation said, if called to testify, they would say thus and so, that's not enough. Right. So what does that mean? What's before the court? All it says is that if the state calls a witness, this witness would testify in this fashion. But the state didn't call a witness, and that's exactly the holding of the bates. Nor did counsel say at that moment, that would not be sufficient. I immediately, upon the presentation, argued in front of the court that that was insufficient. I argued that this was a conditional sentence, nothing more. It was a conditional statement in the stipulation that the state said that they could call witnesses who could or might testify as follows. And that was made clear to Judge Klaus right there. But you have to understand, because Judge Klaus had already given an admonition prior to the actual hearing that he believed that this was a guilty plea. I don't think he considered this at all. I don't think the language might testify as follows. You could be right, Judge. I don't want to misstate anything. They would testify. They would testify, and that's the conditional, that's the consequential phrase. I used some technical words, I looked up and saw the definition. But isn't the implication by stipulating that that's what the witnesses would testify to if called, that the implication is, I'm not cross-examining them, I'm not offering anything other than my arguments. Thus, we've accomplished the goal of the stipulated bench strike. I don't think so. Because it is absolutely, the consequential main clause, if you look at any of the stuff I put in the brief, is dependent upon the occurrence of the condition set forth in the protasis clause. That's the technical term for it. Only if that condition is met does the main clause, the dependent clause, have any effect. But the general, let's put it this way, when you're doing a stipulated bench trial, everybody knows you're not going to call the witness. True, I agree with you. But Judge, think of it from my perspective. I have put in here that it's the state's duty at all times to prove my client guilty. I don't have the duty to come and say to the state that the stipulation that you've prepared doesn't make sense to me. I mean, I would commit malpractice in terms of representing my client's zealoty. I've never misstated anything, I've never misled anybody, I've never told the state what to do. This was a presented stipulation at trial. I looked at it, I signed it, and agreed that this is what the state wants to produce. And the state didn't produce a stipulation. This is clearly a situation where the state looked at this as a guilty plea. When it clearly was not a guilty plea. Weren't you trying to preserve your issue on the suppression of the blood alcohol contract? Judge, yes, absolutely correct. But when the actual fact scenario presented itself, I realized, in my opinion, that there was no evidence based upon the stipulation to convict my client. I don't think I have a duty. In fact, I'd be committing malpractice if I advised the state, hey look, you really didn't do this right. That's the state's job. They have to put this together. I simply signed the stipulation. So I know it's a real technical argument, and when I made it at first, I thought, well, maybe I'm just stretching this beyond belief. But when I saw the Bates case, where now I have a Seventh Circuit opinion, squarely on point. I mean, it couldn't be more on point in terms of how you interpret that language. There, the Seventh Circuit in Chicago said, you can't use that as a stipulation of fact. Because it's not. It's a stipulation only as to what a witness would testify to, if the prior condition was met. And that's exactly what you have here. So what was the state's response to your immediate suggestion that that's not enough? Well, Judge, I mean... Did they not understand what you were talking about? I don't know, but it's a little disconcerting, and I do put in my brief here, that when I argued this in terms of the motion to set it aside, all I got was the flippant response, oh, I've got a bunch of two-letter words here that I can't tell you, Judge, that's what I think of his argument. Which is troubling to me, because this argument, whether I lose or win, whatever you do, this is brought in good faith. I mean, this is after a lot of thought. And the state, I don't think the state paid any attention to it. I don't think Judge Klaus, I know Judge Klaus paid no attention to it, because they'd already considered him guilty based upon his misinterpretation of what we were doing. And the Supreme Court has made it abundantly clear that if, in fact, you present a defense, and you don't put in your stipulation that we agree that the evidence in the stipulation is sufficient to convict, that is not a guilty plea. I quoted two different Supreme Court cases... Okay, I agree with you on that. That's clear, and if you don't preserve a defense... If you preserve a defense, basically, yeah. But what happens with trial court judges is they get their mind on a stipulated bench trial, they have to remember to admonish, because what we usually see is the stipulated bench trial which is tantamount to a guilty plea, and the trial court never admonished. And we end up sending that back. So I guess what I'm saying is, the fact that he admonished him and he didn't need to, no harm, no foul there. I don't disagree with the judge. I don't think it's no harm, no foul. But I do think it gives some argument that, similar to Daley, he had a preconceived notion in his mind what was going to happen. I don't think it would simply be a case where, hey, I admonished him just to be safe, but I recognize now I have to look at the stipulation to see if, in fact, there is a sufficient basis to convict. That's the gap that never took place here. Judge Klaus never made that consideration. He thought, ifso facto, if I make the admonishment, it's a guilty plea, it really doesn't make a difference what's in that plea as long as there's something. And I just don't think that's the basis upon which a conviction in this state should occur. It wasn't the sort of stipulation that set forth those facts we each agreed to. I agree with this state. Officer so-and-so saw Jackie driving. Officer so-and-so, he took a breath test, a blood test, whatever it might be. Those facts, if in fact set forth properly in the stipulation, I wouldn't be here in this argument. That would clearly be sufficient. But that's not what happened. Not what happened. Any other questions on that aspect? Let me turn to the sentencing aspect because I do think I want to raise that a little bit. This is a case where, once again, we have someone who put on substantial mitigation. I recognize that there's not a lot of empathy for people who commit multiple DUIs. I recognize that. But when you have a statute that permits someone in this position with multiple DUIs to be sentenced between 4 and 15 years, when the state attorney only asks for 11 years, when Jackie puts on a lot of witnesses and you have all of this incredible mitigation that basically is before the court and I think completely ignored by the court, you have to ask whether or not this sentence is appropriate or whether it's excessive. Jackie had been sober for about 10 years. He was enrolled in the master's program at Eastern Illinois University. He continued to have physical problems resulting from 14 years of service in the military. He'd had a stroke, and Dr. Bernstein testified through a letter that it affected his physical and cognitive sacral eye in terms of making decisions. His brother had just died. His mother was in need. He took care of his mother. There were just substantial mitigations. He helped in the community. Then he didn't have his medication. Dr. Bernstein said there was a screw-up and the lack of medication. This is when he commits this crime. He didn't get the refill. Again, not that these are excuses for the crime, but simply in the context of mitigation. None of that was considered by the court. He goes then right after that and takes a 90-day course, 75 hours of group and individual sessions at the Veteran Administration Substance Abuse Program in Danville. So this is a gentleman who, in fact, clearly has a bad record and clearly has an alcohol addiction. No question about that. I cite case law in my brief that does talk about the fact that a court must look at alcohol addiction, at least as a factor in the manner in which all these are being processed. But what Judge Klaus does, and again, I think it's very similar. I keep drawing references to Daly, but I think it's similar. I don't think Judge Klaus really gave much thought or consideration with respect to the mitigation. In Daly, this court specifically found that. He had a predisposition to harsh sentences that he doesn't consider all of the mitigation. And that's what really happened here. This is a gentleman who did have substantial mitigation. There was no accident. There was no personal injury. There was no property damage. The fact that he had a multiple DUI conviction is inherent in the statute. So who gets the 4 years then? Which person who comes before a court with these multiple DUIs gets the 4 years? I don't know if anyone else is going to come up with much better mitigation. But this is a case where I think that the court, again, just basically ignored the mitigation, looked at this from his own personal views as to what people with DUIs should be charged not charged with, but sentenced on and imposed those. You've got a guy who's on his 5th DUI and he doesn't blow a .08 or have a BAC of .08 it's .303. You're absolutely correct. I do think that was a consideration. I don't disagree with you, Judge. Can I ask you a question that's unrelated to anything we've talked about today? Were you representing this guy in the trial court? I was not. Is it Mr. Harris or Ms. Harris? It's Mr. Harris. I was not, Judge, because in all honesty I would have moved to have a different judge. I get in way after the fact. I would never have. It would have been, in my opinion, a real disservice to the client. No, I was not, Judge. I know I've also raised in the brief an issue with respect to whether or not this court should expand the concept of voluntary consent after the McNeely case and whether or not the 2nd District in Lentini and the Supreme Court in Schneckloff if that should be modified. I'm not going to really argue that. I'm going to state that in the brief. I realize that's a tough argument for me to make. But all I'd point out is that under McNeely if you look at Justice Sotomayor she does talk about how this is an incredibly invasive procedure that the constitutional expectations under the 4th Amendment certainly require and warrant. And if she looks at the Missouri statute and that statute specifically talks about the officer telling the defendant that these test results may be used against him at trial. So those are the backdrops against which I'm asking you to consider that. Now I think that frankly if an officer doesn't say anything just asks him to consent that's even better because I think once the officer reads the implied consent statute most people who listen to that think well the consequences are certainly going to be my loss of license. By not saying anything about the fact that this can be used against you in a criminal procedure I think most people just infer that that's the limit. I'm going to lose my license. So I'm not going to add a whole lot on that because I've briefed it and my main points I think are there is no evidence to convict him and I'd ask you to look at the sentence. Although I do recognize that someone with this many DUIs and all that, I understand. Thank you very much. Thank you Mr. Martinkus. May it please the court and counsel my name is Allison Paige Brooks I'm appearing on behalf of the people in this case. The Russ case does resolve the issue with respect to the defendant's argument concerning the effect of a stipulation. There are two different types of stipulation that the Russ case recognized stipulations to the admission of evidence such as testimony and stipulations to the truth of facts. And like in the Bates case, there was a misconception with respect to the nature of that stipulation but that doesn't mean that that other kind of stipulation, the one involved in this case, stipulation to the admission of testimony and placing it in evidence is not an actual valid effective form of entering evidence into a trial. So that's why the defendant doesn't really have any authority that would show that this is not at least especially in Illinois which recognizes these forms of stipulations as effective as the Russ case says, and I'll quote very briefly, quote, place the said testimony in the trial evidence even though none of the witnesses was in fact called. So understand the defendant's grammatical arguments that it's dependent on being called but essentially the legal effect of the stipulation is to place the testimony into evidence despite the fact that the witness is not being called to testify. So therefore a conditional sentence such as the one used in this case in the stipulation is a proper form for the parties to stipulate that such testimony referenced in the stipulation is going to be admitted into evidence and considered by the charge of fact. It does not however extend to the truth of the fact that is not the same sort of stipulation and that's what the Russ case emphasizes and the examples the defendant uses in their briefs such as like the officer saw the defendant driving, the officer etc. Those would be stipulations to the truth of the facts and that's not something that the defendant and the state are required to do is to agree on the truth of facts being stipulated but simply as the Russ case recognizes they can do what they did in this case which is agree that evidence or testimony here in this case would be admitted into evidence and considered by charge of fact without the need for that witness to actually be called and here the stipulated testimony was that the defendant was seen driving in an oncoming lane of traffic and after he stopped demonstrated several indicators of impairment and his testing on his blood samples showed that he had an ethanol concentration of .303 so that is sufficient evidence to prove him guilty beyond reasonable doubt so for that reason his I think the other thing is he's complaining that Judge Kloss was confused that there was somehow a preconceived notion of guilt that the judge viewed this as actually like a guilty plea and that cannot be inferred just from the fact that the judge gave admonitions because judges are permitted to give Rule 402 admonitions in stipulated bench trials out of an abundance of caution so that's not something that means that the judge necessarily viewed this as a guilty plea just because admonitions were given prior to the trial so for that reason this Court should reject the first issue on the sufficiency evidence grounds very briefly as to suppression of evidence issue Leach case recognizes voluntary consent as an exception to the Fourth Amendment so McNeely essentially doesn't really matter here because McNeely dealt with whether exigent circumstances are necessary in a non- consensual case and this is a case of actual consent not implied consent so therefore because the existence of voluntary consent as a separate exception to the Fourth Amendment's warrant requirement means that the issue under McNeely of exigent circumstances is irrelevant Lentini, I did cite in my brief, it did involve statutory consent and it was pre-McNeely so the other thing about that case is that that now repealed statute did require consent to analysis it's not just the blood draw itself that statute's no longer an issue in this case. The defendant only had to consent to the actual search and seizure of the blood draw itself and the defendant doesn't really challenge the actual consent only saying that consent was not knowing and intelligent and those are not requirements under Schneckloth for consent to be valid and meaningful With respect to sentencing 13 years for a class 1 felony is a substantial term especially given the fact that the defendant does have a lot of mitigation The judge did not rely on the prior to UI violations because those are inherent in the offense but there were four other misdemeanor convictions in the defendant's record which could be considered an aggravation but the main aggravation was the severity of the blood alcohol level of .303 and that does constitute a major aggravation and supports the term imposed as not being an abusive discretion especially given the high amount of deference this court has to give and so also this court need not reduce the length of the term on the count of the fact that the defendant was lucky that he did not injure anyone or get any sort of serious property damage or accident According to the trial court's view it was obvious that the defendant was going to drink and drive again and that because of his multiple relapses because prior revocations of probation in his past he did relapse again here despite it being after a lengthy period of sobriety but the trial court was within discretion to take the view that there was a serious need to protect the public from the danger that  in the future and that does outweigh the substantial mitigation in the record and so even though the state asked for 11 if 13 years is what the judge determined that's still within the judge's discretion and other than the sentence imposed I'm not sure that there's any showing in the record that the judge ignored the mitigation that was presented so for those reasons the state requests this court to affirm the conviction and sentence I'm willing to entertain any questions Thank you Thank you The state relies upon Ross, that's a first district case 1975 but what's important is this the language that the state relies upon is language in the supplemental opinion on the denial of the petition for rehearing there was never in Ross any issue with respect to the sufficiency of the stipulation, that was not raised this was complete over-redemptive this was simply language and discussion concerning the process that has to be so there's no support in my opinion that Ross gives them. Ross has no bearing on this case at all because it doesn't involve the issues before this court the case that does have bearing is the case that the author of the supplemental opinion relied upon and that's Bates and I've already told you about Bates so if you look at the Bates case I think that does support my proposition and I would ask you to consider my arguments thank you this court will be in recess and we'll take this matter under advisory